

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/31/2024

**To:** David McMurrain
PO BOX 66
Lawson, AR 71750
Charge No: 493-2024-01595

EEOC Representative and email:    Anabel Grunauer
Investigator
anabel.grunauer@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-01595.

On behalf of the Commission,

Digitally Signed By: William A Cash
07/31/2024

William A Cash
Area Office Director

**Cc:**
Valerie Cryz
General Dynamics
100 Carillon Parkway
Saint Petersburg, FL 33716

Marilyn Higdon
Fisher & Phillips LLP
424 CHURCH ST STE 1700
Nashville, TN 37219

Floyd  Thomas III
Law Firm
103 E. Main St,
EL DORADO, AR 71730

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 493-2024-01595 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 493-2024-01595 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400, Memphis, TN 38103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

04/05/2024

**To:**  Valerie Cryz
HR
General Dynamics
100 Carillon Parkway

Saint Petersburg, FL 33716

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by David McMurrain under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Race, and involve issues of Wages/Compensation, Terms/Conditions, Discipline, Discharge that are alleged to have occurred on or about 03/06/2024.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 493-2024-01595
3. Enter this password: ████████████

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to LRAO.INTAKE@EEOC.GOV.

**Preservation of Records Requirement When a Charge has Been Filed**

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see https://www.eeoc.gov/employers/recordkeeping-requirements.

**Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

**Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.



**U.S. Equal Employment Opportunity Commission**

## FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

### Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information

b. Social Security Numbers

c. Confidential commercial or financial information

d. Trade secrets information

e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.

f. Any reference to charges filed against the Respondent by other charging parties

### Requests for an Extension

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

### Upload the Position Statement and Attachments into the Respondent Portal

You can upload your position statement and attachments into the Respondent Portal using the + **Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted,

you will not be able to retract it via the Portal.



### U.S. Equal Employment Opportunity Commission
**Little Rock Area Office**
820 Louisiana St Suite 200
Little Rock, AR 72201
(501) 900-6130

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), pregnancy (including pregnancy accommodations), national origin, age (40 or older), disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online <u>Small Business Resource Center</u>, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including <u>what to do</u> when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer <u>mediation</u> as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our <u>Small Business Liaisons</u> on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Sincerely,

U.S. Equal Employment Opportunity Commission

### *Find the Answers at EEOC´s Small Business Resource Center*

The EEOC's Small Business Resource Center | U.S. Equal Employment Opportunity Commission (eeoc.gov) (http://www.eeoc.gov/employers/small-business) is filled with useful information for small businesses and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See 10 Quick Tips for Small Business.

- *Need to know more about EEOC's charge process?*

  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*

  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

  We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone and Hard of Hearing callers only.)**

SUMMARY OF TELEPHONIC INTERVIEW (PDI)

Charge: 493-2024-01595 David Mcmurrain vs General Dynamics

by: Anabel Grunauer

Legal Representative: Tracy Stafford paralegal

Date: July 31, 2024

Ms. Stafford was contacted over the merits of the charge. It was advised that the evidence shows that CP resigned on March 7, 2024, and that it was agreed for the CP to work for two weeks after receipt of the resignation letter. The documentation shows that CP had verbal, written, and final warnings due to poor attendance. The evidence shows that CP received all the accrued PTO throughout his employment.

The information presented does not support CP's allegations, and therefore, the charge will be dismissed.

If the Director agrees with the recommendation, your Determination and Notice of Rights, referred to as the RTS will be issued through the portal. You will receive an e-mail notification that you have a document for review.  You can download the document and from the date you receive the RTS, you will have 90 days to file in federal district court.

CP returned call. CP said that he is represented by an attorney. CP said that he wants an order of protection against R. R has cyberspace capabilities. CP said a couple days ago he found blood in his urine due to R retaliation. CP said EEOC should pay for his protection until the case is resolved. CP requested funding for a hotel room. CP was advised of the laws enforce by the EEOC and the EEOC would not provide protection or financial support. CP said that he would contact his attorney, and the attorney will submit a rebuttal. CP said that wants a 100,000,000 settlement. CP said to be careful with the global Wi-Fi fire.

AG

6/10/24

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

04/01/2024

David McMurrain
PO BOX 66
Lawson, AR 71750

RE: EEOC Charge No: 493-2024-01595
Charging Party: David McMurrain
Respondent: General Dynamics Armament

Dear David McMurrain:

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. At this time, you have not filed a Charge of Discrimination. Before we investigate your allegation(s), you must complete the following steps if you wish to file a charge:

1) Review the enclosed EEOC Form 5 and make any necessary corrections. Please initial each correction.

2) Sign and date the EEOC Form 5 in the bottom left hand block which states, "I declare under penalty of perjury that the above is true and correct."

3) Return the signed EEOC Form 5 to this office via e-mail to LRAO.INTAKE@EEOC.GOV or by mail, in the enclosed pre-paid envelope or to the address on this letterhead.

Please sign and return the charge within thirty (30) days from the date of this letter. **Under EEOC procedures, if we do not hear from you or receive your signed charge within 30 days, we will assume that you decided not to file a Charge of Discrimination with EEOC.**

A charge must be filed with the EEOC within 180 days of the alleged discriminatory event. This 180-day deadline may be increased up to 300 days if the charge is also covered by certain state or local anti-discrimination laws. Please use the "EEOC Charge No." listed at the top of this letter whenever you contact us about this charge and notify the Little Rock Area Office of any change to your address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

The quickest and most convenient way to obtain the status of your charge and to submit evidence is to use EEOC's Public Portal. You can access the system via this link https://publicportal.eeoc.gov.

Sincerely,

04/01/2024

KATY HUNSPERGER
OFFICE AUTOMATION ASSISTANT
KATY.HUNSPERGER@EEOC.GOV
(501) 900-6132

Enclosure(s):
☐ Copy of Charge of Discrimination (EEOC Form 5)
☐ EEOC Brochure, "What You Should Know Before You File A Charge With EEOC."



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## WHAT YOU SHOULD KNOW ABOUT FILING AN EEOC CHARGE

### WHAT DOES THE EEOC DO?

The EEOC is a law enforcement agency that investigates or looks into claims that employers, employment agencies or labor organizations discriminated against employees or applicants because of their race, color, religion, sex (including pregnancy, transgender status, and sexual orientation), national origin, age (40 or older), disability, or genetic information. The EEOC often tries to settle charges with the help of a mediator. Sometimes, the EEOC takes cases to court. The EEOC does not charge a fee to investigate, mediate, or litigate charges. The EEOC also educates the public about job discrimination.

### HOW TO FILE A CHARGE OF EMPLOYMENT DISCRIMINATION

If you think you have experienced job discrimination, we encourage you to use our Online Public Portal at https://publicportal.eeoc.gov. To use the online system, you must have internet access and an email address. EEOC's Public Portal asks you a few questions to help determine whether EEOC is the right federal agency to handle your complaint. If so, you can then submit an inquiry online and schedule an interview with an EEOC representative to discuss the details of your situation. In our experience, an interview helps individuals make more informed decisions about whether to file a charge. A Charge of Discrimination can be completed through our online system after we interview you. Once a Charge of Discrimination has been signed, you can upload any evidence you have to your case.

You may also file a charge of employment discrimination at the EEOC office closest to where you live or work, or at any one of the EEOC's 53 field offices. Offices may not always be able to interview you on the same day you walk-in. Please check https://www.eeoc.gov/field/ for information about the walk-in hours of the office closest to you.

### WHAT IS A CHARGE?

A charge is a signed, written complaint about a job action you believe was based on race, color, religion, sex, national origin, age, disability, or genetic information that asks the EEOC or a state or local government agency with similar laws to take action to remedy the discrimination. You have the right to file a charge of job discrimination to keep your right to file in federal court. After your interview, EEOC will help you prepare your charge and sign it electronically.

### IS THERE A TIME LIMIT TO FILE A CHARGE?

You have either 180 or 300 days from the day you knew about the job action to file a charge. It depends on whether the employer is located in an area where a state or local government agency has laws similar to the EEOC's laws. We can help you figure out how much time you have. Act quickly to keep your rights by signing and filing a timely charge. Your signed charge is filed when EEOC receives it.

### WHAT TO DO IF YOU WOULD LIKE ASSISTANCE DURING YOUR INTERVIEW

You can bring your lawyer to your interview, although you don't have to hire a lawyer to file a charge. The EEOC is unable to provide a lawyer for you and cannot pay for the cost of your lawyer. An interview may be conducted via telephone or in-person. If you need an accommodation or assistance during the interview, like an accommodation for a disability, or assistance with a sign language interpreter or another language interpreter, let us know ahead of time so we can arrange for the accommodation or interpreter to be available during the interview.

### WHAT HAPPENS WHEN YOU FILE A CHARGE?

When you file a charge, the EEOC must give the employer accused of discrimination a copy of the charge, which includes your name and your claims of discrimination. If you contact the EEOC but decide not to file a charge, we will not tell the employer that you contacted us. If you do not file a charge, you will not be able to file suit in federal court based on the laws we enforce, with one exception: individuals with Equal Pay Act (EPA) claims may go to court without filing a charge but must do so within two years of the negative job action. If the EEOC does not have jurisdiction, or if your charge is untimely, we will close the investigation of your charge quickly. We may also close your charge if we decide that it is unlikely we will be able to determine that the law was violated. Then we will give you a notice of your right to file suit in federal court within 90 days. If we do not close your charge quickly, we may send it to mediation or to investigation.

EEOC typically receives about 70,000 charges of discrimination from workers out of more than 700,000 contacts seeking information and assistance every year. Although EEOC is able to address thousands of complaints, the agency cannot remedy every potential violation of the federal discrimination laws. Recognizing this, Congress gave workers the right to file lawsuits in court after first allowing EEOC the opportunity to investigate the charge.

### WHAT IS MEDIATION?

Before we look into your claims, the EEOC sometimes asks if you and the employer would like to try to settle your case with the help of a mediator. Both you and the employer must agree to mediate for mediation to occur. The mediator does not decide who is right or wrong. Instead, the mediator tries to help you and the employer settle your claims. What you talk about in mediation is private. If you and the employer agree to settle your case, the EEOC will close your case. If you and the employer do not agree to settle your case, we will send your case to investigation.

If your charge is not otherwise resolved, the EEOC will assign an investigator as soon as we can to look into your claims. The investigator is neutral and does not take sides. The investigator may ask you for the names of people who have information about your claims of discrimination and may talk to some or all of them. You should give the investigator anything you have in writing that helps to prove your claims. The investigator will usually ask the employer to tell their side of the story as well and ask for your response. We may also request a written position statement from the employer. If so, you may request to have a copy of the employer's position statement. You will have an opportunity to respond to the position statement.

## CAN YOU FILE A LAWSUIT BEFORE WE FINISH OUR INVESTIGATION?

If you want to file a lawsuit in federal court before we finish our investigation, you may ask us in writing for a notice of your right to sue. If you ask more than 180 days after filing a charge, the law requires us to give it to you. If you ask before 180 days have passed, we can give you the notice only if we cannot finish our investigation within 180 days. In most cases, once we give you a notice of your right to sue, we close the case. If you file an age discrimination charge, however, you can file a suit in court without the notice 60 days after filing a charge. An individual with an EPA claim may go to court directly without filing a charge.

## WHAT HAPPENS AFTER THE INVESTIGATION?

After we finish looking into your claims, we let you and the employer know what we decide. Sometimes, the information is not enough to show that the employer violated the law. In that case, we will dismiss your charge and give you a notice of your right to file suit in federal court within 90 days. If you do not file a suit within 90 days, you will lose your right to sue in court. When the information shows that the employer violated the law, we try to settle the case in conciliation.

## WHAT IS CONCILIATION?

When the EEOC determines that the employer violated the law, we invite you and the employer to try to settle the case. If the EEOC, you, and the employer agree on how to settle your case, we will close the case. If the EEOC, you, and the employer do not agree, we will decide whether to file a lawsuit in federal court or whether to provide you with a notice of your right to sue so that you can file your own lawsuit. You then have 90 days to file suit in federal court.

## WHEN DOES THE EEOC LITIGATE?

In some cases, when the EEOC determines that the employer violated the law and we have been unable to reach a voluntary settlement, we file a lawsuit in federal court. When the EEOC decides whether to file a lawsuit, we look at how serious the violation is, what the legal issues are, and whether other people would benefit from the lawsuit. If we decide not to sue in your case, we will give you a right to sue letter so that you can file your own lawsuit in court. You then have 90 days to file suit.

## IS RETALIATION AGAINST THE LAW?

It is against the law for an employer to retaliate against you because you complained about job discrimination, because you gave evidence in a job discrimination matter, or because you filed a charge of job discrimination with the EEOC. If this happens to you, you should contact us as soon as possible to talk about whether you should file a retaliation charge.

## KEEP US INFORMED

Once you file a charge with the EEOC, you must tell us if you move or get a new phone number or email address. We may need to talk to you to get more information. If the EEOC cannot reach you to get necessary information, your charge may be dismissed.

## KEEP YOUR DOCUMENTS — BOTH PAPER AND ELECTRONIC

If you file a charge, you must keep anything that might be evidence related to your charge. We are required by the courts to ensure that all potentially relevant information is retained. Lost evidence may make it difficult to prove your claim. Keep electronic evidence like text messages, social media posts, photos, emails, voicemails, videos, calendars, and even memory on laptops, tablets and cellphones. Do not delete your computer hard drive, electronic tablet, or cell phone. Do not change or remove Internet posts, without retaining an electronic copy.

Also keep paper evidence like pay stubs, work schedules, employee manuals, letters, memos, your notes, pictures, drawings, charts, and calendars. Even if you are not sure electronic or paper information is relevant to your discrimination claim, please do not delete it or throw it away.

During an investigation, the EEOC will not disclose information that you provide to the public.

## LOOK FOR A JOB IF YOU ARE OUT OF WORK

If you lost your job or were not hired because of job discrimination, you may be able to recover the pay or wages you lost. But you must show that you looked for another job to receive lost wages. To prove you searched for work, you must keep copies of all electronic and paper information, such as applications, resumes, letters, emails, or other evidence of your job search. If you find a new job but it pays less than the job you lost, you may be entitled to the difference in pay. To show the difference in pay, you must keep electronic and paper evidence such as offer letters, pay stubs, and work schedules. Keep all evidence of your job search even if you find another job.

## DO YOU HAVE MORE QUESTIONS?

You can find the answers to many of your questions on our website, www.eeoc.gov, including whether the EEOC is the right agency to assist you. For more information about filing a charge, see www.eeoc.gov/filing-charge-discrimination. For more information about wage claims, www.eeoc.gov/equal-paycompensation-discrimination.

### DON'T MISS THE FILING DEADLINE

Go to our Online Public Portal at
https://publicportal.eeoc.gov

or call 1-800-669-4000 (Voice), or use our sign language access line 1-844-234-5122 (ASL Video Phone)
www.eeoc.gov



**From:**       KATY HUNSPERGER
**To:**         "Mcmurrain.david@gmail.com"
**Subject:**    493-2024-01595 Charge for signature
**Date:**       Monday, April 1, 2024 1:29:00 PM
**Attachments:** Perfected Charge Cover Letter (40).pdf
               493-2024-01595_ChargeOfDiscrimination-Draft.pdf

David McMurrain,

Please see letter and charge attached for signature. In order to continue the process of filing your charged we must receive the signed charged. If we have not received the signed charged within 5 days, we will assume you no longer wish to file and close your case. If you have any question please call me at the number below.

v/r,

Katy Hunsperger, ISA
Equal Employment Opportunity Commission
820 Louisiana St., Suite 200
Little Rock, AR 72201
Phone: 501-900-6132
Fax: 501-324-5991

# GENERAL DYNAMICS
## Ordnance and Tactical Systems

## Employee Counseling Report: Written Counseling

| Employee Information | | | |
|---|---|---|---|
| Employee Name: | David McMurrain | Date: | 2/28/2024 |
| Employee ID: | K018165 | Job Title: | Heavy Truck Driver, Explosives |
| Manager: | Blake Doss | Department: | Materials |

| Action Taken | Type of Action |
|---|---|
| ☐ Coaching | ☐ Absenteeism |
| ☐ Verbal Counseling | ☐ Violation of Company Policy |
| ☐ Written Counseling | ☒ Work Performance |
| ☒ Final Written Counseling | ☐ Violation of Safety Rules |
| | ☐ Violation of Security Rules |
| | ☐ Working Relationships |
| | ☐ Other |

### Details

**Explanation:** (Please include date, facts, and details.)
**David continues to make mistakes on paperwork to include mistakes on inventory card quantities, issued quantities not matching to what buildings received, and failing to make entries on inventory cards.**

**Improvement Plan:** (Supervisor and HR can discuss how employee can improve.)
**Final Written Counseling will be performed regarding Work Performance.**

**Further actions:**
This type of behavior disrupts the flow of work, adds cost to the business, places an unfair burden on your co-workers, and is unacceptable. Immediate and sustained improvement must occur. Failure to do so may result in further counseling up to and including termination of your employment.

**Employee Comments:**

RECEIVED

APR 0 2 2024

U.S. EEOC
Little Rock Area Office
Little Rock, AR

### Acknowledgment of Receipt of Counseling

My signature below acknowledges that I have been advised of the disciplinary action being taken. I also understand that I am encouraged to resolve any dispute through dialogue with my immediate supervisor, Human Resources, or the Ethics Department.

| | |
|---|---|
| _Employee Signature_ | 03/06/24 _Date_ |
| Blake Doss _Supervisor/Manager Signature_ | 2.28.24 _Date_ |
| _HR Signature_ | _Date_ |

# GENERAL DYNAMICS
## Ordnance and Tactical Systems

## Employee Counseling Report: Written Counseling

| Employee Information | | | |
|---|---|---|---|
| Employee Name: | David McMurrain | Date: | 2/28/2024 |
| Employee ID: | K018165 | Job Title: | Heavy Truck Driver, Explosives |
| Manager: | Blake Doss | Department: | Materials |

### Action Taken

- ☐ Coaching
- ☐ Verbal Counseling
- ☒ Written Counseling
- ☐ Final Written Counseling

### Type of Action

- ☐ Absenteeism
- ☐ Violation of Company Policy
- ☒ Work Performance
- ☐ Violation of Safety Rules
- ☐ Violation of Security Rules
- ☐ Working Relationships
- ☐ Other

### Details

**Explanation:** (Please include date, facts, and details.)
**David started work after 6:35 a.m. on 2/6/24. He was advised to start work at 6:00 a.m. David was observed being late to start work on both 2/12/24 and 2/14/24 after being advised to start work on time.**

**Improvement Plan:** (Supervisor and HR can discuss how employee can improve.)
**Written Counseling will be performed regarding Work Performance.**

**Further actions:**
This type of behavior disrupts the flow of work, adds cost to the business, places an unfair burden on your co-workers, and is unacceptable. Immediate and sustained improvement must occur. Failure to do so may result in further counseling up to and including termination of your employment.

**Employee Comments:**

### Acknowledgment of Receipt of Counseling

*My signature below acknowledges that I have been advised of the disciplinary action being taken. I also understand that I am encouraged to resolve any dispute through dialogue with my immediate supervisor, Human Resources, or the Ethics Department.*

| | |
|---|---|
| Employee Signature | 02/06/24    Date |
| *Blake Doss* | 2.28.24 |
| Supervisor/Manager Signature | Date |
| HR Signature | Date |

**Doss, Blake (Camden)**

| | |
|---|---|
| **From:** | Reynolds, Scott (Camden) |
| **Sent:** | Monday, February 19, 2024 8:38 AM |
| **To:** | Doss, Blake (Camden) |
| **Cc:** | Myers, Bryan (Camden) |
| **Subject:** | Documentation for Drivers 2024.xlsx |
| **Attachments:** | Documentation for Drivers 2024.xlsx; FW: M264 NOSE CONE ASSY/ DAVID /MIKE #25; FW: Stabilizing Rods |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

David need to be written up for not going to work at 6:00 as he was warned about verbally by myself on Feb 6.   Also it appears from Sheila's emails that he is still not moving/documenting his material correctly as he was written up for a few weeks back.

1

David McI

06-Feb
07-Feb

12-Feb
14-Feb
15-Feb

Viurran

Noticed David sitting in his POV at 6:35.   Asked him if something was wrong, he stated no that his truck had a long warm up process.   I told him he was supposed to be at work at 6:00, to go to work and do not let it happen again.

David called in complaining that his truck broke down and he would not be in at all.  No pay for this day, unexcused.  His PTO is in the hole.

David was at building 8 until 6:45.   When I arrived he was sitting in bldg 8 parking lot in his truck at 6:20 at 6:30 he went into the building, at 6:40 he left the building.   Left early unapproved

David was at the turn around when I arrived at 6:10, he stayed in his truck at the turn around until 6:32 when he went to building 8 starting out his day.

Left early unapproved

EEOC Fom 5 (11i9)

THE PARTICULARS ARE (f odditicnal poper is needed, attach exra sheet(s]):

I was hired on or about February 6, 2023. as a heavy truck driver. On or about August 2023, I was told I exhausted all my PTO, and I continued to
have issues with missing PTO throughout my employment. On or about February 28, 2024, I was written up twice. On or about March 6, 2024, I
was discharged.

I was not told where my PTO went. I was told I was written up for work performance mistakes and for not leaving the yard on time. I was told my
job was pretty much terminated due to poor performance. I was allowed to work out two weeks while they trained and hired someone.

04-01-2024

Page 1 of 3

RECEIVED

APR 0 1 2024

U.S. EEOC
Little Rock Area Office
Little Rock, AR

EEOC Fom 5(11/9)
I believe I was subjected to different terms and conditions, denied wages and compensation, disciplined, and discharged due to my race, African American, in violation of Title VII of the Civil Rights Act of 1964.
04-01-2024
Page 2 of 3

CP Enclosure with EEOC Form 5 (11/09)

PrIvacy Act STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal

data and its uses are:

Notice OF Right TO Request SuBsTAnTIal WEIGht Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC

will ordinarily be handled first by the FEPÁ. Some charges filed at EEOC may also be first handled by a FEPA

under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is

the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to

give Substantial Weight Review to the FEPA's final findings, you must ask uS in writing to do SO within 15

davs of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file

on the charge.

Notice OF Non-ReTALIATIon REQUIReMeNTs

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against

you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.

Under Section 704(a) of Title VII, Section 4(d) of the ADEÁ, Section 503(a) of the ADA and Section 207(f)

of GINA, it is unlawful for an employer to discriminate against present or former employees or job applicants,

for an employment agency to discriminate against anyone, or for a union to discriminate against its members

or membership applicants, because they have opposed any practice made unlawful by the statutes, or because

they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits

coercion, intimidation, threats or interference with anyone for exercising Or enjoying, or aiding or encouraging

others in their exercise Or enjoyment of, rights under the Act.

Page 3 cf 3

www.legalmatch.com

# Case Details

## Violations of the Civil Rights Acts of 1964

**Legal assistance needed in:**
El Dorado, Arkansas 71730

**Legal categories:**
Employment Discrimination

**Case Summary:**

Violations of the Civil Rights Acts of 1964

Employment Termination, due to what I feel is discrimination with a possible fact that I6 Black/African American Males have been terminated from the same position or job duties allocations of poor performance,none Caucasian or Spanish or others have been dismissed on these basis according to current employees that remains with company with my position pending Termination to date.( A possible direct violation of the Civil Rights Acts of 1964 Title 7 to date! Respectfully Submitted, David McMurrain Sr. P.O. Box 66 Lawson,Arkansas 71750-0066

Additional Information by Category

Formal Compliant
Details

Requesting an in
Office Appointment !

M. 870-797-4360
H. 870-310-2887

RECEIVED
MAR 25 2024
U.S. EEOC
Little Rock Area Office
Little Rock, AR



# Employment Discrimination

| Question | Answer |
| --- | --- |
| Date of hire: | 02-07-2024 |
| Occupation / job title: | Heavy Truck Driver |
| Is the employee still working for the employer: | Yes |
| I am a: | Other: Resignation pending dated 03-07-2024 |
| The employer is a: | Privately held corporation |
| The employer is involved in this type of industry: | Government |
| The employer has the following number of employees: | 101+ |
| What type of employment contract do you have: | I am not sure |
| What date or time period did the | 03-06-2024 |

Date of Hire
February 6, 2022

**EXIT CHECKLIST**

| Name: David McMurrain | EMPLID: | Employee ☑ | Contractor ☐ | Date: 03/21/2024 |
|---|---|---|---|---|
| Title: Heavy Truck Driver, Explosives | | Dept#: | Hire / Start Date: | Last Day Worked: 03/21/2024 |
| Supervisor Name: Blake Doss | | Agency: | | |

**Reason for Separation:**
- ☐ Retirement: _____
- ☑ Resignation: _____
- ☐ Transfer: _____
- ☐ For Cause: _____
- ☐ Layoff: _____
- ☐ Position Elimination: _____
- ☐ Reduction in Force: _____
- ☐ Work Completed: _____
- ☐ Other: _____

Forwarding Address: _____

Cell Phone: _____     Home Phone: _____

CHECK OUT TO BE COMPLETED PRIOR TO HR EXIT INTERVIEW IF APPLICABLE.

| | | CLEARED | NOT CLEARED | N/A | HR VERIFIED (Initial) |
|---|---|---|---|---|---|
| **A.** | **DEPARTMENT:** | | | | |
| 1. | Tools, Equipment, Certification Cards, Inspection Stamps | ☑ | ☐ | ☐ | |
| 2. | Marketing Proposals | ☑ | ☐ | ☐ | |
| 3. | Engineering Notebooks, Files | ☑ | ☐ | ☐ | |
| **B.** | **PAYROLL/ACCOUNTING** | | | | |
| 1. | Accounts Payable, Expense Reports, Travel Advance/s | ☐ | ☐ | ☑ | |
| 2. | Final Check: ☑ Issued  ☐ to be mailed  ☐ Other | ☐ | ☐ | ☐ | |
| **C.** | **INFORMATION TECHNOLOGY** | | | | |
| 1. | Portable Computing Device (e.g., Laptop, Tablet etc.)/Bag/Adapter | ☑ | ☐ | ☐ | |
| 2. | Encrypted Memory Drive | ☑ | ☐ | ☐ | |
| 3. | Security Log-In Device (e.g., RSA Key) | ☑ | ☐ | ☐ | |
| 4. | Cell / Smart Phone | ☑ | ☐ | ☐ | |
| **D.** | **SECURITY** | | | | |
| 1. | Security Debriefing (DOD Clearance/Documents) | ☐ | ☐ | ☑ | |
| 2. | ID Badge | ☑ | ☐ | ☐ | |
| **E.** | **HUMAN RESOURCES** | | | | |
| 1. | Exit Statement | ☑ | ☐ | ☐ | |
| 2. | Benefits Exit Summary (if applicable) | ☑ | ☐ | ☐ | |
| | a. HSA Account (if applicable) – Informed of possible fees regardless if the account is open with a zero balance | ☐ | ☐ | ☐ | |
| 3. | Voluntary Exit Interview Survey | ☐ | ☐ | ☑ | |
| 4. | Time Card / Final Hours Worked Submitted | ☑ | ☐ | ☐ | |
| | a. Assign Direct Reports to new Supervisor (if applicable) Query: PX_DIRECT_REPORTS: | | | | |
| 5. | AMEX Card Representative notified of cancellation | ☐ | ☐ | ☑ | |
| 6. | Relocation Expenses (if applicable) | ☐ | ☐ | ☑ | |
| 7. | Tuition Reimbursement (if applicable) | ☐ | ☐ | ☑ | |
| 8. | E-Mail notification sent to servicedesk@gd-ots.com to notify IT Dept. of the termination (must be within 24 hours of termination) | ☑ | ☐ | ☐ | |

| Employee Signature | Date | Human Resources Signature | Date |
|---|---|---|---|
| | | Blake / Kyle Proctor | 03/21/2024 |

**HR ONLY:**
- ☐ PeopleSoft Entry - HR Rep Initials and Date:
- ☐ Pulled I-9/ICE
- ☐ Pulled Drug Screen
- ☐ Pulled BATFE Certification
- ☐ Pulled Personnel Folder & Transfer to Termination File
- ☐ Pulled Post Employment Voluntary Survey
- ☐ Pulled Voluntary Applicant Survey
- ☐ Pulled Background Check

HR Rep Initials: _____     Date: _____

Revised: 6/2021     Use Reverse Side For Additional Comments

**GENERAL DYNAMICS**
Ordnance and Tactical Systems

Gayle Proctor
870-798-4171
X 1258

## EMPLOYEE EXIT STATEMENT

In connection with the cessation of my employment with **GENERAL DYNAMICS** Ordnance and Tactical Systems, Inc. I acknowledge my continuing responsibilities regarding all confidential, proprietary and trade secret information which I learned or developed during the course of my employment, including, but not limited to, future business plans and strategies, costs, prices and customers of **GENERAL DYNAMICS** and, more specifically, that of Ordnance and Tactical Systems. As part of these continuing responsibilities, I further acknowledge that I will not disclose such information to others, nor will I use such information on behalf of myself or others. My responsibilities, which were assumed when I began my employment, are clear to me, and I have been given a complete opportunity to ask any questions regarding my future obligations.

Upon cessation of my employment with **GENERAL DYNAMICS**, I hereby verify that I shall not take with me, nor do I have in my possession or control any such information or portions thereof, in tangible or other form. I also understand my obligation to turn in all my engineering notebooks to Ordnance and Tactical Systems. Furthermore, I have identified and disclosed all relevant information regarding all past or continuing violations of the **GENERAL DYNAMICS** Standards of Business Ethics and Conduct of which I am aware. Finally, in relation to injuries resulting from my employment at Ordnance and Tactical Systems, I have listed below any claims to date which are pending or known to me but not communicated to my Supervisor or the Human Resources department.

My signature on this statement is my acknowledgment that I fully understand the nature and extent of my responsibilities.

Do you have any knowledge of violations of the **GENERAL DYNAMICS** Standards of Business Ethics and Conduct, or other criminal or unethical behavior?    ☑ No    ☐ Yes

If "Yes", Please explain _To many Unprofessional Complaints after my first two months of employment operations, Unfairness about Paid Time OFF!_

**ANY WORK RELATED INJURIES:**    ☑ No    ☐ Yes

Body part injured:    _Unknown_

Date of injury:    _Unknown_

**READ AND UNDERSTOOD BY:**    ☑ Employee unavailable for signature

_David McMurrain Sr._ | _m_ | _3/21/2024_
Employee Name (Print) | Employee Signature | Date

_____ | _____ | _____
Witness Name (Print) | Witness Signature | Date

OTS-SP-166-08, Rev. A

David McMurrain <ofm.opts@gmail.com>

Thu 3/21/2024 3:54 PM

To Madelyn Harrell <mdelyn@edpsolutions.com>

General Dynamics Armament/Tech

3.6

(8)

Manufacturer in Calhoun County, Arkansas

Overview Reviews Photos About

CALL

DIRECTIONS

SAVED

SHARE

7169 AR-203, Hampton, AR 71744

Open now

Add full hours

(870) 798-4171

Intake Interview
Are you legally represented:  No
Date:  3/29/2024
Charging Party (CP): David McMurrain
Respondent (R):      General Dynamics Armament
Position: Heavy Truck driver, $24.75 per hour
Supervisor: Blake Doss, Material Coordinator
# of employees: more than 1,000
DOH: 2/6/2023
Date of Term: March 21, 2024
Reason Given:
Basis: Race (African American)
Issue: Terms and Condition and wages/compensation and discipline
Charging Party (CP) was interviewed by telephone conversation.

Scott Reynolds and Brain Myers, unknow, white hired CP. Grandfathered me in with a 3-week vacation on hire for the first year. I also should have been getting PTO with every paycheck and they are unfair about it.

**August 2023**
I took one week of vacation. When I returned, I was told I was short 12 hours and had no PTO left. I asked about where my PTO time went, and I asked about the others as they were always off.  I was told they had more than me.

**Feb 28, 2024**
 I was given two write ups. One from Shelia Dawn, Warehouse Manager, white, for continues work performance mistake taking out wrong material or putting it in the wrong space.  The other write up came from Scott Reynolds, unknown title, white, David started work after 635 am on 2-6 he was advised to start at 6am.  WE have a safety meeting at 6 and IW as there. He was then late on 2/14 and that this type of behavior causes issues for the company and coworkers and failure to fix this may result in termination of the employment.  However, Scott came out and said you need to go to work, it was roughly 25-30 degrees. The truck had issues when they got it and it has been repaired but is still not safe. They still request me to drive this truck even though its illegal for me to drive because of the issues.  I told him it take 45mins for this to warm up and at 615 I got out of the safety meting and started warming the truck. At 630 Scott came out and asked why I wasn't work yet.  I explained the truck was still warming up.

Blake Doss had quite about two weeks before this write up and then returned after this write up.

**March 6, 2024**
I was told by the coordinator that he his 3rd write up for me due to poor performance. On one said Final written counseling and my job was pretty much terminated. That I had to do an exit interview but they asked me two work two more weeks so they could get someone else hired. I said if you are going to fire me over these silly mistakes that others due. It was asked if I would give them two weeks and I agreed and I worked out the two weeks to avoid the discharge.

I would rather leave on my own, so this is my two weeks' notice because my job was pretty much.

**March 21, 2024**
My last day and I still had no PTO on my paycheck.

**Comparators:**
**Chad, truck driver, white, is late and had no issues.**
**Willy Washington, African American, Driver, has had write ups before but not been discharged.**
**Philly loveless, white, truck driver, made several mistakes more serious than I have but not threatened his job.**

CP said that Willy said that they did this to 6 other African Americans who have CPs job.

I advised CP of the entire EEOC process, including mediation, possibility of dismissal, and investigation. I also advised CP that if a position statement was obtained, they would need to log in to the portal and request a copy of the of the position statement so it could be sent. I advised CP of the right-to-sue and 90-day time limit to file in court. I advised CP that if their charge is dismissed prior to an investigation, the NRTS will be posted into the portal and they will receive an email and will need to download it from the portal.


Katy Hunsperger
ISA

RECEIVED

APR 0 2 2024

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | U.S. EEOC Little Rock Area Office Little Rock, AR ☐ FEPA ☒ EEOC | 493-2024-01595 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| David McMurrain | (870) 310-2887 | |

| Street Address | | |
|---|---|---|
| PO BOX 66 | M. (870) 717-4360 | |
| Lawson, AR 71750 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| General Dynamics Armament | 15 - 100 Employees | |

| Street Address | | |
|---|---|---|
| 7169 AR-203 | | |
| Hampton, AR 71744 | | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Race | Earliest: 08/01/2023    Latest: 03/06/2024 |

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I was hired on or about February 6, 2023, as a heavy truck driver. On or about August 2023, I was told I exhausted all my PTO, and I continued to have issues with missing PTO throughout my employment. On or about February 28, 2024, I was written up twice. On or about March 6, 2024, I was discharged.

I was not told where my PTO went. I was told I was written up for work performance mistakes and for not leaving the yard on time. I was told my job was pretty much terminated due to poor performance. I was allowed to work out two weeks while they trained and hired someone.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04-01-2024       _____ Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 493-2024-01595 |
| | | and EEOC |

*State or local Agency, if any*

I believe I was subjected to different terms and conditions, denied wages and compensation, disciplined, and discharged due to my race, African American, in violation of Title VII of the Civil Rights Act of 1964.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date 04-01-2024    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| | |
|---|---|
| **From:** | IVONNE KNUTSON |
| **To:** | valerie.cruz@gd-ots.com |
| **Subject:** | EEOC Charge of Discrimination 493-2024-01595 David Mcmurrain v. General Dynamics Armament |
| **Date:** | Thursday, April 11, 2024 1:57:00 PM |
| **Attachments:** | 493-2024-01595_NoticeOfChargeOfDiscrimination.pdf |

Good afternoon,

This is to notify you that a   Charge of Discrimination has been filed against your company. Please see the attached Notice of Charge which has instructions on how to access this complaint in the EEOC portal and contains time sensitive information.

Please let me know if you have any questions.

Best Regards,


Ivonne Knutson-Federal Investigator
Equal Employment Opportunity Commission-EEOC
Little Rock Area Office
820 Louisiana Street, Ste 200
Little Rock, AR 72201
Office Direct Dial: (501) 900-6136
Main: (501)324-5061
Fax: (501-324-5991

**From:**     DAVID McMURRAIN
**To:**       ANABEL R. GRUNAUER
**Subject:**  EEOC No: 493-2024-01595 David Mcmurrain vs General Dynamics Armament
**Date:**     Monday, July 8, 2024 4:07:33 PM

You don't often get email from mcmurrain.david@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Just finished visiting with my Attorney Mr. Thomas and told me to move forward with the case to date !

Regards,

David McMurrain Sr

# EXHIBIT 1

| **Title:** Equal Employment Opportunity and Affirmative Action | **Effective Date:** Authorized Date below | **Page:** Page 1 of 5 | **Number / Revision:** OTS-SP-004 Rev-06 |
|---|---|---|---|
| | **Approved:** *Yolda Moore / Yolanda Moore* | | |
| | Signature                    Print | | |
| | Functional Department Head or authorized designee | | |
| **Functional Dept:** Human Resources | VP & General Counsel | | |
| **Functional Area:** Administration | *(signature)* | | |
| | VP Human Resources & Administration | | |
| **GENERAL DYNAMICS** Ordnance and Tactical Systems **OTS-SP** **OTS Standard Practice** | **Authorized:** *(signature)*          1 9/20/19 | | |
| | GD-OTS President or authorized designee          Date | | |

1. **Policy Statement:** This GD-OTS Standard Practice establishes policy and procedure for ensuring that GD-OTS is compliant with all equal employment opportunity (EEO) laws and their corresponding affirmative action requirements. This OTS-Standard Practice complies with and implements Corporate Policy CP 07-100, Equal Employment Opportunity and Affirmative Action.

2. **Scope:** This OTS-Standard Practice applies to all GD-OTS U.S. locations only.

3. **Compliance:** In the event of any conflict between the provisions of this GD-OTS Standard Practice and the requirements of any state and federal law or regulation, the provisions of the applicable law or regulation will govern.

4. **General:**

    **4.1 Equal Employment Opportunity**

    GD-OTS is dedicated to the principles of equal employment opportunity for all employees and prospective employees, and to the employment and advancement of individuals based upon (1) their individual qualifications, skills and abilities and (2) valid, job-related requirements unrelated to the individual's race, religion, color, national origin, sex, pregnancy, age, disability, genetic information, sexual orientation, gender identity, transgender status, military service,  or status as a Protected Veteran, or membership in any other class protected by applicable law from discrimination in employment.

    **4.2 Affirmative Action**

    As a U.S. government contractor, GD-OTS complies with Executive Order 11246 and maintains a policy to take affirmative action to ensure applicants are recruited, employed, promoted, upgraded, demoted, transferred, laid off, terminated, trained, and compensated, without regard to their race, color, religion, sex, pregnancy, national origin, disability, or status as a Protective Veteran.  For purposes of this policy, "Protected Veterans" refers to Recently Separated Veterans, Active Duty Wartime or Campaign Badge Veterans, Armed Forces Service Medal Veterans, and Disabled Veterans.

    Affirmative action will be taken to ensure that all employment decisions, including but not limited to those involving recruitment, hiring, promotion, training, compensation, benefits, transfer, discipline, and discharge, are free from unlawful discrimination.

*GD-OTS Sensitive Information*

| TITLE: Equal Employment Opportunity and Affirmative Action | OTS-SP-004  Rev-06 | Page 2 of 5 |
| --- | --- | --- |

### 4.3  Non-Discrimination

GD-OTS strictly prohibits discrimination against any employee or applicant for employment because of the individual's race, color, religion, gender, sexual orientation, gender identity or expression, national origin, age, disability, veteran's status, or any other characteristic protected by law.

### 4.4  Reasonable Accommodations and Accommodation of Religious Practices

It is the policy of General Dynamics to comply with the American with Disabilities Act of 1990, the Americans with Disabilities Act Amendments Act, and the Rehabilitation Act of 1973 (as amended), by reasonably accommodating the known physical or mental limitations of otherwise qualified applicants and employees, except where accommodation would impose an undue hardship on the operation of our business.  GD-OTS will attempt to accommodate request by employees and prospective employees for accommodation of their sincerely held religious beliefs or practices, unless the requested accommodation would be unreasonable, create undue hardship, or infringe upon other employees' rights.

### 4.5  EEO/Affirmative Action Policy Dissemination

Our EEO/Affirmative Action policy will be communicated to employees by means of employee orientation, training sessions and/or bulletin board postings.

We will ask all of our recruiting sources to refer a diverse pool of qualified candidates for available job opportunities.

We will list employment openings with the appropriate state workforce agency job bank or with the local employment service delivery system where the opening occurs. This includes all positions, with exception of those exclusively filled from within, and executive management positions.

### 4.6  Open Positions for Salaried and Non-Bargaining Positions

- When a job opening exists, a Personnel Requisition must be completed and approved prior to posting the position internally or externally (See Human Resources for the most current Personnel Requisition Approval Matrix).

- It is the intent of the Company that when a new position below the director-level is identified or a vacancy exists, that qualified employees will have an opportunity to apply for the position internally. All employees have the opportunity to request a transfer to a higher level job or another job within the Company.

- It is the Company's philosophy to give primary consideration to qualified employees prior to consideration of external candidates.

- While it is the Company's philosophy to promote from within whenever possible, there are business conditions that could cause a position to be filled without posting. The decision to fill a position without posting requires the approval of the SBU Senior Management.

### 4.7  Limitations or Restriction

An employee on a performance improvement plan or currently under documented discipline is ineligible to apply for positions, unless approved by local management and Human Resources.

Any job interest by the employee must be approved by the current immediate supervisor or manager. Under no circumstances may the supervisor or manager willfully hamper or delay the

| TITLE: Equal Employment Opportunity and Affirmative Action | OTS-SP-004 Rev-06 | Page 3 of 5 |
|---|---|---|

employee's opportunity to respond to a job posting unless there is a critical business need and Human Resources approves.

This policy does not require the employment or continued employment of any employee or prospective employee if the employee cannot satisfy bona fide job qualifications related to immigration laws, citizenship requirements, security clearances, national security laws or regulations, or lawful physical, mental, or medical requirements for a job or class of jobs. Nothing in this policy prevents General Dynamics from complying with lawful seniority rules contained in collective agreements with labor organizations.

### 4.8 Availability and Underutilization

As required by law, each location will have an Affirmation Action Plan and will determine "availability" for each job group. Availability is used to determine whether "underutilization" exists with regard to women and minorities for each job group. Each location will make good faith efforts to remedy any underutilization as determined by their AAP.

All positions with underutilization will be identified on the Personnel Requisition.

### 4.9 Prevention of Workplace Harassment

An important part of GD-OTS's policy on equal employment opportunity involves our commitment to take reasonable measures to prevent workplace harassment based upon an employee's race, religion, color, national origin, sex, pregnancy, age, gender identity, genetic information, sexual orientation, status as a veteran, military service, or membership in any other class protected by law from discrimination. When GD-OTS receives a complaint of workplace harassment, it is our policy to respond in a prompt and effective manner in order to prevent recurrence of such harassment.

### 4.10 Preferential Treatment

Nothing in this OTS-Standard Practice is intended to entitle any employee or prospective employee to preferential treatment on the basis of race, religion, color, national origin, sex, pregnancy, age, gender identity, genetic information, sexual orientation, status as a veteran, military service, or membership in any other class protected by law from discrimination.

### 4.11 Third Parties in the Workplace

Discrimination and harassment of GD-OTS employees by consultants, leased employees or other individuals employed by a subcontractor, supplier, vendor, or other entity in the workplace will not be tolerated. When notified of such conduct, management will take prompt and effective action to eliminate and prevent its recurrence. When dealing with consultants, leased employees, or other individuals employed by a subcontractor, supplier, vendor, or other entity in the workplace, GD-OTS personnel are expected to treat such individuals on a non-discriminatory basis and avoid conduct that would constitute discrimination or harassment as defined by this OTS-Standard Practice.

### 4.12 Pay Transparency

The company will not discharge or in any other manner discriminate against employees or applicants because they have inquired about, discussed, or disclosed their own pay or the pay of another employee or applicant. However, employees who have access to the compensation information or other employees or applicants as a part of their essential job functions cannot disclose the pay of other employees or applicants to individuals who do not otherwise have access to compensation information, unless the disclosure is (1) in response to a formal complaint or charge, (2) in furtherance of an investigation, proceeding, hearing, or action, including an investigation conducted by the employer, or (3) consistent with the company's legal duty to furnish information.

### 4.13 Reporting Claims of Misconduct and Retaliation Prohibited

*GD-OTS Sensitive Information*

| TITLE: Equal Employment Opportunity and Affirmative Action | OTS-SP-004  Rev-06 | Page 4 of 5 |
|---|---|---|

Individuals who believe they have been subjected to discrimination or harassment that is unlawful or in violation of this policy should promptly report it to their supervisor, member of management, the Human Resources Department, Legal Department, Ethics Officer, or the General Dynamics Ethics Hotline (1-800-433-8442).

GD-OTS prohibits any form of discrimination, retaliation, or reprisal against any employee because the employee:

- reported or assisted in the reporting of conduct that the employee in good faith believed violated this OTS-Standard Practice or any applicable equal employment opportunity laws, or exercised any right protected by such laws or their implementing regulations;

- opposed the taking of any action that the employee in good faith believed violated this OTS-Standard Practice or any applicable equal employment opportunity laws;

- filed a complaint or provided truthful information, testimony or other assistance in an investigation proceeding, or compliance review before a court, government agency, arbitrator, or other tribunal concerning a claim of alleged discrimination in violation of this policy or applicable equal employment opportunity laws.

Any employee who is found to have submitted a knowingly false report regarding conduct prohibited by the OTS-Standard Practice may be subject to disciplinary action, up to and including termination of employment.

5. **Definitions:**

**Employment Service Delivery System** – A service delivery system at which or through which labor exchange services, including employment, training, and placement services are offered. Posting positions with the appropriate State workforce agency job bank or with the local employment service delivery system where the opening occurs, will satisfy the requirement to "list job openings with the appropriate employment service delivery system."

**Job Group** – defined as jobs that are similar with respect to wage, rate, content and opportunity.

**Availability** – an estimate of the number of qualified minorities or women available for employment in a given job group, expressed as a percentage of all qualified persons available for employment in the job group (as determined by the facility Affirmative Action Plan). The purpose of determining availability is to establish a benchmark against which the demographic composition of GD-OTS incumbent workforce can be compared to determine whether barriers to equal employment exist within particular job groups.

**Underutilization** – as defined by the Department of Labor, "having fewer minorities or women than can reasonably be expected, based on their availability." A situation wherein a lower number of protected class employees are represented than parity would predict.

**Good Faith Efforts** – basic components are; 1) outreach and recruitment measures to broaden the candidate pool from which selection decisions are made to include minorities and women; and 2) systemic efforts to assure that selections thereafter are made without regard to race, sex or other prohibited factors.

**Protected Veteran** – refers to Disabled Veterans, Armed Forces Service Medal Veterans, Recently Separated Veterans, and Active Duty Wartime or Campaign Badge Veterans as those terms are defined in 41 C.F.R. § 60-300.2. As used herein, the term "disability" will have the meaning provided in 29 C.F.R. §§ 60-741.2, 60-741.3.

NOTE: The terms "availability" and "underutilization" appearing in any affirmative action programs or policies are terms defined and required by the Department of Labor regulations. They have no independent legal or factual significance in and of themselves. Although the Company uses the terms in good faith and in connection with its affirmative action obligations, this usage should not be interpreted as an admission of guilt or lack of compliance nor

| TITLE: Equal Employment Opportunity and Affirmative Action | OTS-SP-004  Rev-06 | Page 5 of 5 |
|---|---|---|

necessarily signify that the Company agrees that these terms are properly applied to any particular factual situation.  Whenever the term "goal" is used, it should not be interpreted to mean "quota" nor is it to be used to discriminate against applicants or employees on the basis of any legally protected category.

**6. Responsibilities:**    Executive, management and supervisory levels have the responsibility to further the implementation of this policy and ensure conformance by subordinates.

Each GD-OTS U.S. location will maintain affirmative action programs for minorities and women, individuals with disabilities and Protected Veterans to the extent required by regulations of the U.S. Department of Labor's Office of Federal Contract Compliance Programs.

**7. Cross-Functional Review:**    Legal

**8. Training Requirements:**    Each GD-OTS U.S. location will provide appropriate training for employees regarding equal employment opportunity, non-discrimination and affirmative action.

**9. Forms:**    None

**10. Attachments:**    None

**11. Supersedes:**    OTS-SP-004, Equal Employment Opportunity and Affirmative Action, Rev. 05, dated 01/06/2016.

# EXHIBIT 2

**GENERAL DYNAMICS**
Ordnance and Tactical Systems

### Employee Counseling Report: Written Counseling

| Employee Information | | | |
|---|---|---|---|
| Employee Name: | David McMurrain | Date: | 12/12/2023 |
| Employee ID: | K018165 | Job Title: | Heavy Truck Driver, Explosives |
| Manager: | Blake Doss | Department: | Materials |

| Action Taken | Type of Action |
|---|---|
| ☐ Coaching | ☐ Absenteeism |
| ☐ Verbal Counseling | ☐ Violation of Company Policy |
| ☒ Written Counseling | ☒ Work Performance |
| ☐ Final Written Counseling | ☐ Violation of Safety Rules |
| | ☐ Violation of Security Rules |
| | ☐ Working Relationships |
| | ☐ Other |

**Details**

**Explanation:** (Please include date, facts, and details.)
On 12/12/2023, employee brought materials into the production buildings that is not listed on the picklist. Specific details are splice conductors for building 8 and material for building 31.

**Improvement Plan:** (Supervisor and HR can discuss how employee can improve.)
Previous verbal discussions and explanations regarding the work instructions pertaining to Movement of Material were not successful so Written Counseling will be performed regarding Work Performance. Employee will receive a copy of the work instructions pertaining to Movement of Material for review.

**Further actions:**
This type of behavior disrupts the flow of work, adds cost to the business, places an unfair burden on your co-workers, and is unacceptable. Immediate and sustained improvement must occur. Failure to do so may result in further counseling up to and including termination of your employment.

**Employee Comments:**

**Acknowledgment of Receipt of Counseling**

*My signature below acknowledges that I have been advised of the disciplinary action being taken. I also understand that I am encouraged to resolve any dispute through dialogue with my immediate supervisor, Human Resources, or the Ethics Department.*

Employee Signature _____  Date 1.24.24
                                                   12-12-23-

Supervisor/Manager Signature _____  Date 1-24-24

HR Signature _Gayle Proctor_  Date 01/24/2024

# GENERAL DYNAMICS
## Ordnance and Tactical Systems

## Employee Counseling Report: Written Counseling

| Employee Information | | | |
|---|---|---|---|
| Employee Name: | David McMurrain | Date: | 2/28/2024 |
| Employee ID: | K018165 | Job Title: | Heavy Truck Driver, Explosives |
| Manager: | Blake Doss | Department: | Materials |

| Action Taken | Type of Action |
|---|---|
| ☐ Coaching | ☐ Absenteeism |
| ☐ Verbal Counseling | ☐ Violation of Company Policy |
| ☐ Written Counseling | ☒ Work Performance |
| ☒ Final Written Counseling | ☐ Violation of Safety Rules |
| | ☐ Violation of Security Rules |
| | ☐ Working Relationships |
| | ☐ Other |

### Details

**Explanation:** (Please include date, facts, and details.)
**David continues to make mistakes on paperwork to include mistakes on inventory card quantities, issued quantities not matching to what buildings received, and failing to make entries on inventory cards.**

**Improvement Plan:** (Supervisor and HR can discuss how employee can improve.)
**Final Written Counseling will be performed regarding Work Performance.**

**Further actions:**
This type of behavior disrupts the flow of work, adds cost to the business, places an unfair burden on your co-workers, and is unacceptable. Immediate and sustained improvement must occur. Failure to do so may result in further counseling up to and including termination of your employment.

**Employee Comments:**

### Acknowledgment of Receipt of Counseling

*My signature below acknowledges that I have been advised of the disciplinary action being taken. I also understand that I am encouraged to resolve any dispute through dialogue with my immediate supervisor, Human Resources, or the Ethics Department.*

| | |
|---|---|
| Employee Signature | 03/06/24  Date |
| Supervisor/Manager Signature | 2.28.24  Date |
| HR Signature | Date |

**From:** ████████████████
**Sent:** Monday, February 19, 2024 8:38 AM
**To:** ████████████████████████ >
**Cc:** ████████████████████████
**Subject:** Documentation for Drivers 2024.xlsx

David need to be written up for not going to work at 6:00 as he was warned about verbally by myself on Feb 6.   Also it appears from Sheila's emails that he is still not moving/documenting his material correctly as he was written up for a few weeks back.

# EXHIBIT 3

MARCH 7, 2024

I DAVID McMURRAIN SR, do HEREBY SUBMIT LETTER OF RESIGNATION with GENERAL DYNAMICS.

THANK YOU FOR THE opportunity TO OPERATE IN THE CAPACITY GIVEN.

Sincerely

Rcvd 3.11.24

last agreed upon day of work will be 3/21/24

Ralalie Dau 3.11.24

# EXHIBIT 4

03/22/2024

David McMurrain came in to my office on 03/22/2024 to process out. I was going over his exit paperwork and had him read the exit statement. When he got to the question of knowledge of ethics violations, he stopped and said that he had some complaints. He wrote in his statements and I asked him if he needed to speak to our ethics officer. He said no. He would put it on here. He then said that he was told that he would receive PTO when he started. I explained to him that in orientation you are given a presentation on how PTO is accrued. He then stated again that he was suppose to have it available to him. I then asked him if his offer letter stated that. He said he was told that he would receive PTO. I stated that you did receive PTO and it was accrued weekly. You are able to use it as you accrue it but it takes 1 year to receive the full amount. I asked him who told him that and he said HR told him. He could not give me a specific name. I then said that maybe it was a misunderstanding and I apologized to him if it was not explained to him well enough. I then asked him why he was just now saying something about it after all this time, that he should have brought it up earlier after he was hired or when he noticed it or started having concerns. He said he didn't want to make a big deal out of it.

He then stated that he was here for 2 months before he got a truck. That no trucks were available and he had to wait. He also stated that there were many unprofessional complaints on him during his employment here. He stated that one person in particular (would not give a name) constantly was complaining on him because his paperwork was not correct. I asked him what the complaints were and he stated that he did not want to go in to it. He mentioned ██████ name but did not go in to specifics.

When he got to the work related injuries question, he put unknown. I asked him do you have any injuries that you need to report or had reported in the past. He said I don't know.

I asked him one more time if he wanted to speak with ethics, he stated no, but he did request a copy of the exit statement that he had signed.

I offered to run a report of PTO time used during his employment and to show him his time missed. He said he did not need that. He was not given the appropriate amount of PTO he was told.


After he left, I reviewed the offer letter. The offer letter did not state any extra PTO (he would receive the standard accrual of 3 weeks), he was also emailed a benefits synopsis that stated how much PTO he would receive.


During orientation, a benefits presentation is given. In the benefits presentation is a slide outlining the PTO policy and how it works. As I recall, no questions were brought up at the time about his PTO.

# EXHIBIT 5

**GENERAL DYNAMICS**
Ordnance and Tactical Systems

| Employee Number | Employee Name | FLSA Status | Activity Description | Time Code | Hour Type | Supervisor Name | Week End Date | Year | Week | Hours Worked |
|---|---|---|---|---|---|---|---|---|---|---|
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 5/7/2023 | 2023 | 18 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 7/9/2023 | 2023 | 27 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 7/16/2023 | 2023 | 28 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 9/17/2023 | 2023 | 37 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 9/24/2023 | 2023 | 38 | 40 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 10/1/2023 | 2023 | 39 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 10/22/2023 | 2023 | 42 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 11/26/2023 | 2023 | 47 | 4.5 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 12/10/2023 | 2023 | 49 | 10 |
| K018165 | McMurrain, David | Hourly | Paid Time Off | PTO | REG | Doss, Blake | 1/14/2024 | 2024 | 2 | 10 |

**GENERAL DYNAMICS**
Ordnance and Tactical Systems

| Full Name | Employee Number | Status | Term Date | FLSA Status | Previous Balance | Accrued YTD | Taken YTD | Balance |
|---|---|---|---|---|---|---|---|---|
| McMurrain, David | X018165 | Inactive | 3/22/2024 | Hourly | -6.038 | 25.385 | -19.347 | 0.000 |

GD-OTS\lgreenk

*Handwritten annotations:*

2/04/23
3/28/24

118.18

-5

47 -
——
58

133.4 start to date

paid out 9.35 hou's

took 124.5

Accrues 2.0377 weekly
worked 58 weeks (47 in 2023
11 in 2024)

total accrual 133.4 start to date
used 124.5
paid out 9.35
—————

**GENERAL DYNAMICS**
Ordnance and Tactical Systems

# 2023 *Synopsis of General Dynamics Ordnance and Tactical Systems Benefits*

General Dynamics Ordnance and Tactical Systems (OTS) offers employees a comprehensive and competitive benefit package. We provide a variety of benefit plans affording employee's greater flexibility in selecting healthcare and welfare coverage that is best suited to employee needs.

## MEDICAL INSURANCE:

➤ OTS offers four Personal Health Account Medical plans (PHAP) through Anthem BlueCross BlueShield.

➤ Spousal Surcharge: If your spouse has access to medical coverage through his or her employer (including coverage as a result of self-employment), you will be charged a spousal surcharge of $1300 annually if you enroll him or her in a General Dynamics sponsored medical plan.

| Anthem BCBS | Employee Monthly Contribution | | | |
|---|---|---|---|---|
| | Premium Plus HSA | Premium HSA | Select HSA | Basic HSA |
| Employee Only | $98.05 | $48.05 | $10.00 | $5.00 |
| Employee + Spouse | $223.55 | $123.55 | $39.02 | $20.00 |
| Employee + Child(ren) | $223.55 | $123.55 | $39.02 | $20.00 |
| Family | $287.73 | $187.73 | $66.54 | $40.00 |

## DENTAL INSURANCE:

➤ OTS offers two dental plans through Delta Dental of Virginia.

➤ Both plans cover a broad range of dental services with the Premium Plan offering orthodontic benefits.

| Delta Dental of VA | Employee Monthly Contribution | |
|---|---|---|
| | Premium Plan | Basic Plan |
| Employee Only | $9.20 | $3.00 |
| Employee + Spouse | $19.71 | $6.46 |
| Employee + Child (ren) | $19.71 | $6.46 |
| Family | $28.64 | $9.46 |

## VISION INSURANCE:

➤ OTS provides vision benefits through Vision Services Plan.

➤ The plan provides comprehensive vision benefits including annual allowances for frames or contact lenses.

| Vision Services Plan | Employee Monthly Contribution |
|---|---|
| Employee Only | $6.64 |
| Employee + Spouse | $13.29 |
| Employee + Child (ren) | $13.29 |
| Family | $18.93 |

**PRE-TAX SPENDING ACCOUNTS:**

➢ Health Savings Account (HSA): enable employees who are enrolled in a PHAP health plan to set aside pre-tax money to pay for eligible out-of-pocket health care expenses today and in the future.

| Health Savings Accounts | Maximum Annual Contribution (employee + employer combined) |
|---|---|
| Employee Only | $3,850 |
| Employee + Dependent(s) | $7,750 |

**Employee age 55+ can contribute an additional $1,000 annually

➢ Flexible Spending Accounts (FSA) enable employees to set aside pre-tax money to pay for out-of-pocket health care (medical, dental and vision) expenses and dependent care expenses.

> ➢ Full Use FSA: Can be used for all qualified medical expenses. Employees contributing to an HSA are not eligible to participate in a full FSA.

> ➢ Limited Purpose FSA: Can only be used to cover qualified dental or vision expenses. Designed for employees who are actively contributing to an HSA.

> ➢ Dependent Care Reimbursement: Can be used to provide child and/or elder care for dependents who live in the employee's household.

| Flexible Savings Accounts | Maximum Annual Contribution |
|---|---|
| Medical Reimbursement | $2,850 |
| Dependent Care Reimbursement | $5,000 |

**LIFE INSURANCE AND ACCIDENTAL DEATH & DISMEMBERMENT:**

➢ OTS provides company paid Basic Life Insurance and Accidental Death and Dismemberment policy equal to one times your annual base pay.

➢ Employees may also purchase Supplemental Life insurance for yourself and eligible family members through The Hartford.

➢ Employees may also purchase additional Accidental Death coverage for yourself and eligible family members through Prudential.

| Life Insurance | Guarantee Issue | Maximum Amount of Coverage |
|---|---|---|
| Employee | Lesser of 3 times annual base pay or $1,000,000 | $4,000,000 not to exceed 10 times your annual base pay |
| Spouse | $50,000 | $100,000 |
| Child(ren) | $25,000 | $25,000 |

**LONG TERM DISABILITY (LTD):**

➢ OTS provides company paid Long-Term Disability (LTD) coverage of 50% of income replacement to employees with income continuation due to an extended period of illness or injury.

➢ Employees may also purchase additional LTD and "buy up" to 60% of income replacement.

*This document is not intended to be an official plan document. The information contained herein is subject to, and subordinate to, the applicable plans' Summary Plan Descriptions. If there is a conflict between this document and the Summary Plan Descriptions, the official plan document will control. General Dynamics –OTS reserves to itself the absolute right to amend, modify or terminate the plans at any time in its sole discretion.*

**VOLUNTARY BENEFITS:**

- ➢ In addition to the benefits discussed above, the company offers the following voluntary benefits to consider.

  - ➢ Critical Illness Insurance
  - ➢ Accident Insurance
  - ➢ Identify Theft Protection
  - ➢ Enhanced Legal Services
  - ➢ Fitness Center Membership (BayCare Fitness Centers)

  - ➢ Auto and Home Insurance
  - ➢ Pet Insurance
  - ➢ Commuter Benefits
  - ➢ Hospital Indemnity Insurance
  - ➢ Educational Assistance

**OTS PAID BENEFITS:**

- ➢ <u>Business Travel Accident:</u> GD-OTS provides employees with company paid Travel Accident Insurance while on business travel.

- ➢ <u>Short Term Disability:</u> GD-OTS provides employees Short-Term Disability (STD) benefits in the event an employee requires disability leave. Coverage is 100% of base salary weeks 2 – 13 and 70% base salary weeks 14 – 26.

- ➢ <u>Employee Assistance Program (EAP):</u> GD-OTS provides employees and dependents access to the EAP which is designed to provide assistance with any personal problems big or small.

**GENERAL DYNAMICS CORPORATION 401(K) PLAN:**

- ➢ OTS offers a 401(k) plan through Fidelity Investments. OTS will match 100% on the first 6% of your contributions; vesting is immediate with no service requirement. Matching contributions will be invested according to your investment allocation election.

**NON-CONTRIBUTORY RETIREMENT CONTRIBUTIONS (NCRC):**

- ➢ In addition to the 401(k)-company match, OTS provides a discretionary Non-Contributory Retirement Contribution (NCRC) to employee 401(k) accounts each year, for those employees not accruing a Defined Benefit Pension. The NCRC formula is based on the following:

| Full years of service as of January 1 of the year the earnings are attributable | Annual NCRC percentage contribution of eligible compensation |
|---|---|
| 0 - 9 years | 2% |
| 10+ years | 2.5% |

**PTO:**

- ➢ Eligible employees accrue PTO based on a 40-hour work week and according to the following schedule:

| Full Years of Service | PTO Annual Hours | Weekly PTO Accrual Hours | Bi-weekly PTO Accrual Hours | Maximum Accrual Hours (2x Annual Accrual) |
|---|---|---|---|---|
| 0 – 4 | 120 | 2.3077 | 4.6154 | 240 |
| 5 - 14 | 160 | 3.0770 | 6.1539 | 320 |
| 15 + | 200 | 3.8462 | 7.6924 | 400 |

*This document is not intended to be an official plan document. The information contained herein is subject to, and subordinate to, the applicable plans' Summary Plan Descriptions. If there is a conflict between this document and the Summary Plan Descriptions, the official plan document will control. General Dynamics –OTS reserves to itself the absolute right to amend, modify or terminate the plans at any time in its sole discretion.*

**PAID FAMILY LEAVE:**

➢ Employees are offered 3 weeks of paid family leave per rolling 12-month period, paid at 100% base pay. Leave can be used for the care of a spouse, child or parent with a serious health condition or the birth, adoption or foster placement of a child.

**WORK/LIFE BALANCE:**

➢ 9/80 Work Schedule:  Employees work 80 hours in 9 days allowing for every other Friday off. (Employees may be required to work on an off Friday due to business needs)

➢ Paid Holiday's 2023:

| | |
|---|---|
| ➢ President's Day | ➢ Thanksgiving Day |
| ➢ Memorial Day | ➢ The Day after Thanksgiving |
| ➢ The Day before Independence Day | ➢ Christmas Day |
| ➢ Independence Day | ➢ December 26 |
| ➢ Labor Day | ➢ December 27 |
| | ➢ December 28 |

**HEALTHY PARTNERS:**

➢ OTS offers access to 12 healthy partners with free support for all aspects of your health and well-being. These healthy partner offerings range from virtual physical therapy to family planning to assistance with managing diabetes and heart disease.

Visit otsbenefits.com for more information and to learn more about GD-OTS benefits and healthy partners.

*This document is not intended to be an official plan document. The information contained herein is subject to, and subordinate to, the applicable plans' Summary Plan Descriptions. If there is a conflict between this document and the Summary Plan Descriptions, the official plan document will control. General Dynamics –OTS reserves to itself the absolute right to amend, modify or terminate the plans at any time in its sole discretion.*



fisherphillips.com

**Nashville**
424 Church Street
Suite 1700
Nashville, TN 37219

(615) 488-2900 | Tel
(615) 488-2928 | Fax

**Writer's Direct Dial:**
(615) 488-2926
**Writer's E-mail:**
mhigdon@fisherphillips.com

May 31, 2024

**VIA EEOC RESPONDENT PORTAL**

U.S. Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, AR 72201

Re:     *Charging Party: David McMurrain*
        *Respondent: General Dynamics Armament*
        *EEOC Charge No.: 493-2024-01595*

To Whom It May Concern:

I am writing to request a short one (1) week extension up to and including June 11, 2024 within which to submit our position statement. Respondent's counsel was recently ill and is still gathering information to respond to Charging Party's allegations. Unless we hear otherwise from you, we will provide our Statement of Position on or before **June 11, 2024**.

Should you have any questions or concerns, please feel free to contact me.

Very truly yours,

Marilyn Higdon
Attorney
For FISHER & PHILLIPS LLP

MLH:mr

| From: | RITA BARNES |
| To: | ANABEL R. GRUNAUER |
| Subject: | FW: Position Statement Requested for Your Charge 493-2024-01595 / Solicitud de Declaración de Posición para su Queja/Querella 493-2024-01595 |
| Date: | Monday, June 10, 2024 6:53:02 AM |

I assigned this to you.  I am unsure what this CP is talking about.  I released the PS.  Looks like he resigned.  Please reach out to him and let him know the process with charge. (we will not be seeking a U visa).

**From:** DAVID McMURRAIN <mcmurrain.david@gmail.com>
**Sent:** Saturday, June 8, 2024 8:59 AM
**To:** EEOC <no-reply@service.eeoc.gov>
**Cc:** RITA BARNES <RITA.BARNES@EEOC.GOV>
**Subject:** Re: Position Statement Requested for Your Charge 493-2024-01595 / Solicitud de Declaración de Posición para su Queja/Querella 493-2024-01595

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good morning EEOC, I David Lee McMurrain Sr. Am requesting an order of protection from atmospheric harm to be assisted by Federal Funding for purposes of residential relocation to a safer and more stable environment due possible bodily injury or harm has been imposed on me because of the nature of this case pending for justice, I awake one past in my bed and afterwards proceeding to the restroom found blood in my urine, my bed consists of a 14" thick mattress (Beauty Rest) for comfortable sleeping. So I feel this is an atmospheric retaliation from the former employer with the such cyberspace capabilities to date !

Sincerely,

Plaintiff / POC
David Lee McMurrain Sr
P.870.797.4360

On Sat, Jun 8, 2024, 8:38 AM EEOC <no-reply@service.eeoc.gov> wrote:



**U.S. Equal Employment Opportunity Commission**

The EEOC has received your request for a copy of the Position Statement submitted by General Dynamics Armament on your charge, 493-2024-01595 and will notify you by email when the Position Statement is available for you to review.

Before we provide the Position Statement and attachments to you, the EEOC investigator reviews the documents to ensure they do not contain protected and/or confidential information. We ask you to be patient as we receive many requests for Position Statements and it may take several weeks to review and release the Position Statement and attachments related to your charge.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at info@eeoc.gov and destroy all copies of the original message and attachments.*

La EEOC ha recibido su solicitud para una copia de la Declaración de Posición presentada por General Dynamics Armament para su queja/querella, 493-2024-01595 y le notificará por correo electrónico cuando la Declaración de Posición esté disponible para que la revise.

Antes de proporcionarle la Declaración de Posición y los archivos adjuntos, el(la) investigador(a) de la EEOC revisa los documentos para asegurarse de que no contengan información protegida y/o confidencial. Le pedimos que sea paciente ya que recibimos varias solicitudes para Declaraciones de Posición y puede tomar varias semanas revisar y publicar la Declaración de Posición y los archivos adjuntos relacionados con su queja/querella.

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 493-2024-01595. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*



fisherphillips.com

**Nashville**
424 Church Street
Suite 1700
Nashville, TN 37219

(615) 488-2900 | Tel
(615) 488-2928 | Fax

**Writer's Direct Dial:**
(615) 488-2926
**Writer's E-mail:**
mhigdon@fisherphillips.com

June 7, 2024

**VIA EEOC PORTAL**

Rita Barnes
U.S. Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana St., Suite 200
Little Rock, AR 72201

   Re:  *McMurrain adv. General Dynamics Armament;*
      *EEOC Charge No. 493-2024-01595*

      *NOTICE: This position statement is submitted as part of an attempt to conciliate and settle the above-mentioned matter, and it is privileged and confidential and cannot be provided or disclosed to anyone (other than to the appropriate personnel) and cannot be made public or used as evidence in a subsequent proceeding without written notice to and consent of the undersigned and the Respondent herein.*

Dear Investigator Barns:

  This letter sets forth the position statement of Respondent General Dynamics-OTS, Inc. ("GDOTS" or the "Company") in response to the above referenced Charge.[1] The Charging Party, former Heavy Truck Driver, Explosives, David McMurrain ("Mr. McMurrain"), claims GDOTS discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act with respect to his paid time off ("PTO") benefit, written discipline, and alleged discharge. GDOTS categorically denies Mr. McMurrain's allegations and submits it does not allow discrimination against its employees, including Mr. McMurrain, and has policies prohibiting such conduct. ***Exhibit 1, Equal Employment Opportunity and Affirmative Action Policy.*** Contrary

---

[1] This letter is based upon the writer's understanding of the facts at this time. By submitting this position statement, Respondent in no way waives its rights to present new or additional facts or arguments based upon yet to be discovered information or evidence. Additionally, this response does not constitute an affidavit and is offered solely for the purpose of providing information with respect to the Charging Party's unfounded allegations. Any statement contained in this position statement, therefore, is offered with the understanding that it will be inadmissible as evidence, because it is a statement made in compromise negotiations and because it is hearsay. *See Olitsky v. Spencer Gifts,* 46 F.E.P. Cases (BNA) 902 (5th Cir. 1988); *Tulloss v. Near Montessori Sch.,* 776 F.2d 150, 154 (7th Cir. 1985); *EEOC v. Airline Pilots Ass'n,* 489 F. Supp. 1003, 1004 (D. Minn. 1980), *rev'd on other grounds,* 661 F.2d 90 (8th Cir. 1981).

June 7, 2024
Page 2

to Mr. McMurrain's allegations, he was provided with all PTO he was entitled to and was issued Written Counselings due to ongoing performance issues. Additionally, GDOTS did not terminate Mr. McMurrain's employment; he voluntarily resigned. Accordingly, GDOTS requests a dismissal of Mr. McMurrain's Charge by the Commission.

## I.    BACKGROUND

GDOTS is a global aerospace and defense company, which provides the U.S. military and its allies with an extensive range of armaments, munitions, protective systems, and other products. GDOTS hired Mr. McMurrain as a Heavy Truck Driver on or around February 2, 2023.[2] As a Heavy Truck Driver, Mr. McMurrain's primary job duties included driving a large or heavy truck that transports cargo to and from specified locations, managing appropriate cargo documentation and providing necessary paperwork upon the delivery of goods, coordinating the loading and unloading of the truck, verifying cargo, and ensuring items are properly stored and secured.

Unfortunately, Mr. McMurrain's employment with GDOTS was plagued with performance, tardiness, and attendance issues that disrupted the flow of work, added costs to the business, and placed an unfair burden on his co-workers. As a result, GDOTS issued Mr. McMurrain verbal counseling and Written Counselings. Specifically, Mr. McMurrain received the following counselings:

- Written Counseling on January 24, 2024 for delivering materials to production buildings that were not listed on the picklist;

- Verbal Counseling for tardiness on February 6, 2024 when he was over thirty-five (35) minutes late for his shift[3]; and

- Written Counseling on March 6, 2024 for making continuous mistakes on inventory card quantities, issuing quantities that did not match what buildings received, and failing to make entries on inventory cards.

***Collective Exhibit 2, Employee Counseling Reports.***

On Thursday March 7, 2024, Mr. McMurrain reported to work, dropped off a resignation letter, and gave his employee badge to a guard at the guard post, stating he had submitted his resignation. ***Exhibit 3, Resignation Letter.*** However, Mr. Mr. McMurrain then reported back to work the following Monday, March 11. At that time, Mr. McMurrain's supervisor received and read Mr. McMurrain's resignation letter and agreed with Mr. McMurrain his last day of work would be March 21, 2024.

The day following Mr. McMurrain's last day of work, a GDOTS HR Business Partner conducted an exit interview of Mr. McMurrain. During this interview, Mr. McMurrain raised a complaint regarding his PTO, stating he was told he would receive PTO when his employment began. ***Exhibit 4, Exit Interview Notes.*** The HR Business Partner informed Mr. McMurrain he had received PTO and he was given documentation and a presentation at orientation on PTO

---

[2] Mr. McMurrain's job title was changed to Transport Svcs Tech Lead effective March 18, 2023, but his job duties did not change.

[3] Mr. McMurrain's tardiness and attendance issues continued after this verbal warning. Specifically, Mr. McMurrain was thirty (30) minutes late and left early without permission on February 12, 2024, over thirty (30) minutes late on February 14, 2024, and left early without approval on February 15, 2024.

June 7, 2024
Page 3

accrual. *Id.* The HR Business Partner also offered to run a report for Mr. McMurrain of his PTO accrual and usage, but Mr. McMurrain declined, stating he did not need it. *Id.* Following the conclusion of the interview, GDOTS confirmed Mr. McMurrain had accrued PTO at the rate described to him in the orientation presentation and the benefits synopsis he received. Specifically, throughout his employment, Mr. McMurrain had accrued 133.4 hours of PTO, had used 124.5 hours of PTO, and was paid out for 9.35 hours of his accrued and unused PTO. **Collective Exhibit 5, PTO Report and Benefits Synopsis.**

During the exit interview, Mr. McMurrain additionally complained there had been "unprofessional complaints" about his performance during his employment because his paperwork was not correct. The HR Business Partner asked Mr. McMurrain to provide more details about the complaints and who he alleged had complained about him, but Mr. McMurrain refused. At no time before, during, or after his resignation did Mr. McMurrain raise any complaints of racial discrimination to GDOTS.

## II.  MR. MCMURRAIN CANNOT SUSTAIN A VIABLE DISCRIMINATION CLAIM

In support of his discrimination claim, Mr. McMurrain claims he had issues with PTO, was disciplined, and was discharged due to his race.[4] As an initial matter, Mr. McMurrain's allegations related to his PTO and alleged discharge are simply untrue. As discussed above, Mr. McMurrain received all PTO he was entitled to *and used* all of his PTO, less 9.35 hours that was paid out to him upon his resignation. Additionally, GDOTS did not discharge Mr. McMurrain; he voluntarily resigned his employment. Notwithstanding, Mr. McMurrain's allegations are insufficient to establish a *prima facie* case of race discrimination and, therefore, his claim fails as a matter of law. *See Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000) ("In order to establish a prima facie case of racial discrimination, the plaintiff must show that [he] 1) was a member of a protected group, 2) was meeting the legitimate expectations of [his] employer, 3) suffered an adverse employment action, and 4) that similarly situated employees, who are not members of the protected group were treated differently.").

First, Mr. McMurrain cannot show he was meeting GDOTS' legitimate expectations. As discussed above, Mr. McMurrain's employment was plagued with repeated performance, attendance, and tardiness issues that disrupted the flow of work, added cost to the business, and placed an unfair burden on his co-workers. *See Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (repeated performance deficiencies show plaintiff was not meeting the employer's legitimate expectations); *Erenberg v. Methodist Hospital*, 357 F.3d 787, 793 (8th Cir.2004), holding a plaintiff could not meet her prima facie case of age discrimination where she failed to meet the qualification prong based on deficiencies in her work performance).

Additionally, the alleged PTO issues and Written Counselings do not amount to materially adverse employment actions. Mr. McMurrain received all PTO benefits to which he was entitled and suffered no material employment disadvantages as a result of the Written Counselings. *Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir. 2005) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage" such as "[t]ermination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects."); *Luster v. Baptist Med. Ctr.*, No. 4:04CFV00486 WRW, 2006 WL 3759546, at *2 (E.D. Ark. Dec. 19, 2006) ("A disciplinary warning is not an adverse

---

[4] Although it is unclear from the face of Mr. McMurrain's Charge, GDOTS assumes for the sake of argument Mr. McMurrain's references to unspecified "different terms and conditions" and "wages and compensation" refer to his PTO.

June 7, 2024
Page 4

employment action."). Additionally, assuming for the sake of argument Mr. McMurrain's allegation relating to his alleged "discharge" is an attempt to color his voluntary resignation as constructive discharge, his claim still fails because he is unable to satisfy the rigorous evidentiary showing needed to prove such a claim. To prove constructive discharge, Mr. McMurrain must demonstrate "that the employer deliberately created intolerable working conditions with the intention of forcing [them] to quit." *Sanders v. Lee Cnty. Sch. Dist. No. 1*, 669 F.3d 888, 893 (8th Cir.2012) (quotation and citation omitted). This is a higher evidentiary burden than proving other adverse employment actions. *AuBuchon v. Geithner*, 743 F.3d 638, 645 (8th Cir. 2014) (citations omitted). Thus, because Mr. McMurrain's allegations related to his claimed PTO issues and Written Counseling are insufficient to establish a materially adverse employment action, they are likewise insufficient to show he was constructively discharged. *See id.* ("Because [the plaintiff] has failed to demonstrate material adverse employment actions based on these same incidents, he necessarily has failed to demonstrate constructive discharge."). Additionally, because Mr. McMurrain resigned before raising any complaints related to his PTO, Written Counseling, or any allegation of discriminatory treatment, he did not afford GDOTS the opportunity to cure any of these concerns he now appears to claim led to his resignation and is precluded from claiming constructive discharge altogether. *See Blake v. MJ Optical, Inc.*, 870 F.3d 820, 826 (8th Cir. 2017) (holding employee could not prove constructive discharge where she complained only one day before quitting and complaint was not about discrimination; "plaintiff's failure to seek a solution before quitting . . is fatal to her constructive discharge claim"); *Trierweiler v. Wells Fargo Bank*, 639 F.3d 456, 460 (8th Cir. 2011) ("[w]e have consistently recognized that an employee is not constructively discharged if she 'quits without giving [her] employer a reasonable chance to work out a problem.'" (quoting *Brenneman v. Famous Dave's of Am., Inc.*, 507 F.3d 1139, 1144 (8th Cir. 2007) (second alteration in original)).

Finally, and critically, Mr. McMurrain has failed to show, *or even allege*, that any similarly situated employee outside of his protected class was subjected to different terms and conditions related to PTO or exhibited similar performance issues without receiving Written Counseling. For these reasons, Mr. McMurrain has not, and cannot, establish a *prima facie* case of race discrimination, and his claim fails as a matter of law.

### III.    CONCLUSION

Because Mr. McMurrain cannot show he was meeting GDOT's legitimate expectations, suffered a materially adverse employment action, or was treated less favorably than similarly situated employees outside of his protected class, he cannot establish a *prima facie* case of discrimination and his claim fails as a matter of law. GDOTS, therefore, respectfully requests dismissal of Mr. McMurrain's claim with a no-cause finding. Should you need any additional information, please contact the undersigned.

Sincerely,

Marilyn Higdon
Attorneys
For FISHER & PHILLIPS LLP

| From: | DAVID McMURRAIN |
|---|---|
| To: | ANABEL R. GRUNAUER |
| Subject: | Re: EEOC No: 493-2024-01595 David Mcmurrain vs General Dynamics Armament |
| Date: | Friday, October 4, 2024 9:21:29 AM |

You don't often get email from mcmurrain.david@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Re: I David Lee McMurrain Sr
, Comes requesting this complete investigation file be forwarded to my mailing address at P.O. BOX 66 Lawson, Arkansas 71750-0066 for purpose of filing to The United States Federal Courts Western Division Fort Smith Arkansas to date.

Regards,

mcmurrain.david@gmail.com
M. 870-797-4360

On Mon, Jun 10, 2024, 3:03 PM DAVID McMURRAIN <mcmurrain.david@gmail.com> wrote:

> Thank you for your assistance.
>
>
> On Mon, Jun 10, 2024, 2:48 PM ANABEL R. GRUNAUER <ANABEL.GRUNAUER@eeoc.gov> wrote:
>
>> Good afternoon,
>>
>>
>> The above referenced EEOC charge of discrimination is in the investigative stage.
>>
>> Please note the following information about the investigative process:
>>
>> - **The Respondent's position statement and exhibits have been released to you through the EEOC public portal.**
>>
>> - **You may log into the portal and download the position statement and exhibits.**
>>
>> - **Although a response is not required, this is your opportunity to provide additional information you feel is relevant to support your allegations.**
>>
>> - **If you would like to respond, to the Respondent's position statement,** upload your response and supporting evidence into EEOC's public portal no later than **30 calendar days** that the position statement was released.
>>
>> - Please note that even though the position statement and exhibits have been released, **I may not have had the opportunity to review your file.** Once the file is reviewed, EEOC will determine if more information is needed from you or the Respondent, OR whether there is substantial evidence to make a determination.

- **If the evidence does not show a violation of the laws enforced by EEOC, we will issue the right to sue through the EEOC public portal.** The right to sue document is identified in "documents" as "Closure Notice/NRTS."

- **If EEOC issues the right to sue,** you may file a complaint in Federal Court. The "Closure Notice/NRTS" will advise you there is a 90-days statute of limitations for filing in Court, and EEOC will not provide an Attorney or funding for an Attorney. If you need assistance in finding an Attorney, you may contact EEOC for a list of Attorneys.

Respectfully,

Anabel Grunauer

EEOC Investigator

820 Louisiana St. Ste. 200

Little Rock, AR  72201

501.900.6152

Fax 501.324.5991

**anabel.grunauer@eeoc.gov**

Find "What You Can Expect After You File a Charge" at: https://www.eeoc.gov/what-you-can-expect-after-you-file-charge

Check the status of your EEOC charge at: https://publicportal.eeoc.gov/portal/EEOC/CheckChargeStatusIMS.aspx

Log into your EEOC account online at: https://publicportal.eeoc.gov/portal/SignIn.aspx?From=Home

For EEOC Public Portal Technical Assistance call 1-800-569-7118 or email digitalsupport@eeoc.gov

| | |
|---|---|
| **From:** | RITA BARNES |
| **To:** | DAVID McMURRAIN |
| **Subject:** | RE: FOLLOWING UP |
| **Date:** | Monday, May 20, 2024 8:59:00 AM |

Good morning,

I really can't advise you of that, but if you qualify for benefits, I guess you are entitled to file. It looks like we should be receiving a response from Respondent by early June.

Thank you.

**From:** DAVID McMURRAIN <mcmurrain.david@gmail.com>
**Sent:** Friday, May 17, 2024 2:03 AM
**To:** RITA BARNES <RITA.BARNES@EEOC.GOV>
**Subject:** FOLLOWING UP

You don't often get email from mcmurrain.david@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

EEOC Number:493-2024-01595
Status:Investigation

Just wanted to follow-up and allow you to know that I have been accepted a (Partime Casual) Professional Driving Position with one of my former employers ABF FREIGHTLINES over in El Dorado, Arkansas ,but have not started working yet due to no hours available for me at this time for a timely payroll check.  Should I file for unemployment insurance to sustain my life to date?

Sincerely,

David McMurrain Sr

| From: | DAVID McMURRAIN |
|---|---|
| To: | EEOC |
| Cc: | RITA BARNES |
| Subject: | Re: Position Statement Requested for Your Charge 493-2024-01595 / Solicitud de Declaración de Posición para su Queja/Querella 493-2024-01595 |
| Date: | Saturday, June 8, 2024 8:59:49 AM |

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Good morning EEOC, I David Lee McMurrain Sr. Am requesting an order of protection from atmospheric harm to be assisted by Federal Funding for purposes of residential relocation to a safer and more stable environment due possible bodily injury or harm has been imposed on me because of the nature of this case pending for justice, I awake one past in my bed and afterwards proceeding to the restroom found blood in my urine, my bed consists of a 14" thick mattress (Beauty Rest) for comfortable sleeping. So I feel this is an atmospheric retaliation from the former employer with the such cyberspace capabilities to date !

Sincerely,

Plaintiff / POC
David Lee McMurrain Sr
P.870.797.4360

On Sat, Jun 8, 2024, 8:38 AM EEOC <no-reply@service.eeoc.gov> wrote:

     **U.S. Equal Employment Opportunity Commission**

The EEOC has received your request for a copy of the Position Statement submitted by General Dynamics Armament on your charge, 493-2024-01595 and will notify you by email when the Position Statement is available for you to review.

Before we provide the Position Statement and attachments to you, the EEOC investigator reviews the documents to ensure they do not contain protected and/or confidential information. We ask you to be patient as we receive many requests for Position Statements and it may take several weeks to review and release the Position Statement and attachments related to your charge.

*Notice of Confidentiality: The information contained in this transmission may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact us at info@eeoc.gov and destroy all copies of the original message and attachments.*

La EEOC ha recibido su solicitud para una copia de la Declaración de Posición presentada

por General Dynamics Armament para su queja/querella, 493-2024-01595 y le notificará por correo electrónico cuando la Declaración de Posición esté disponible para que la revise.

Antes de proporcionarle la Declaración de Posición y los archivos adjuntos, el(la) investigador(a) de la EEOC revisa los documentos para asegurarse de que no contengan información protegida y/o confidencial. Le pedimos que sea paciente ya que recibimos varias solicitudes para Declaraciones de Posición y puede tomar varias semanas revisar y publicar la Declaración de Posición y los archivos adjuntos relacionados con su queja/querella.

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 493-2024-01595. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*



fisherphillips.com

**Nashville**
424 Church Street
Suite 1700
Nashville, TN 37219

(615) 488-2900 | Tel
(615) 488-2928 | Fax

**Writer's Direct Dial:**
(615) 488-2926
**Writer's E-mail:**
mhigdon@fisherphillips.com

April 17, 2024

**VIA EEOC RESPONDENT PORTAL**

U.S. Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, AR 72201

       Re:     *Charging Party: David McMurrain*
               *Respondent: General Dynamics Armament*
               *EEOC Charge No.: 493-2024-01595*

To Whom It May Concern:

    This letter is to confirm that the office of Fisher & Phillips LLP hereby represents Respondent, General Dynamics Armament, by and through its undersigned counsel, Marilyn Higdon, in the above-referenced matter.

    We are in receipt of the above-referenced Charge and respectfully request a thirty (30) day extension within which to respond to the Charge. Unless we hear otherwise from you, we will provide our Statement of Position on or before **June 4, 2024**.

    Should you have any questions or concerns, please feel free to contact me.

               Very truly yours,

               Marilyn Higdon
               Attorney
               For FISHER & PHILLIPS LLP

| | |
|---|---|
| **From:** | WIRELESS CALLER |
| **To:** | ANABEL R. GRUNAUER |
| **Subject:** | Voice Mail (1 minute and 20 seconds) |
| **Date:** | Thursday, October 3, 2024 1:48:35 PM |
| **Attachments:** | audio.mp3 |

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Yes, good afternoon. This message is from Miss Annabelle Granara This is David McMurray, case #493-2024, Dash 01595 McMurray versus our General Dynamics armament. I am calling because I need to see if I can get you all to put an extension of our filing to the federal United States federal court on my case due to I have not found a proper representation to take me to federal court with it. I need to again get an extension on getting the case placed on the federal docket in the United States Federal Court at Fort Smith, AR. If you will give me a call back at your earliest availability. My mobile telephone number is 870-797-4360, or you can reach me on my resident number at 870797 724. And again, this is David McMurray. Thank you.

You received a voice mail from WIRELESS CALLER.

**Thank you for using Transcription! If you don't see a transcript above, it's because the audio quality was not clear enough to transcribe.**

Set Up Voice Mail