IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID LEE MCMURRIAN, SR                                                               PLAINTIFF

v.                                    Case No. 1:24-cv-1072

GENERAL DYNAMICS CORPORATION
and GENERAL DYNAMICS-OTS, INC.                                                      DEFENDANTS

## ORDER

Before the Court is an order filed on July 22, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 21. In the order, Judge Bryant granted in part and denied in part Separate Defendant General Dynamics Corporation's ("GDC") Motion to Set Aside Entry of Default and to Dismiss. Plaintiff has filed objections to the order, arguing that Judge Bryant lacked the authority to issue the order. The Court finds the matter ripe for consideration.

## I. BACKGROUND

GDC filed a Motion to Set Aside Entry of Default and to Dismiss. ECF No. 19. The two motions were filed as one document. At the time that motion was filed, this case was referred to Judge Bryant pursuant to 28 U.S.C. § 636(b)(1)(A) for all pretrial and dispositive motions. Judge Bryant issued an order granting GDC's request to set aside the clerk's entry of default because GDC had not been properly served—specifically, Plaintiff failed to include a copy of the summons when it served GDC's registered agent with a copy of the second amended complaint.[1] ECF No. 21. Also, because GDC stated in its motion that it was not the proper defendant in this case, Judge

---

[1] In his proof of service, Plaintiff incorrectly stated that he had served GDC's registered agent with a copy of the summons. ECF No. 13. In fact, at that time, Plaintiff had not even requested a summons from the Court.

Bryant directed Plaintiff to file a third amended complaint and to serve the parties he deemed appropriate by September 22, 2025.  It appears that on August 22, 2025, Plaintiff served a third amended complaint on both Defendants.  As for GDC's request that the Court dismiss Plaintiff's second amended complaint, Judge Bryant denied the request without discussion.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III.  DISCUSSION

GDC does not object to the portion of Judge Bryant's order that grants its request to set

2

aside the clerk's entry of default. Instead, GDC takes issue with the fact that Judge Bryant issued an order, rather than a report and recommendation, that denied its request for the Court to dismiss the second amended complaint.

GDC confusingly filed two separate motions in one document. The docket entry refers to the motion as simply a Motion to Set Aside Default. ECF No. 19. However, the motion asks the Court to both set aside the clerk's entry of default and dismiss this case for improper service of the second amended complaint. Judge Bryant ruled that the clerk's entry of default should be set aside because GDC had not been properly served. Because GDC had not been properly served, the grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) were present at the time GDC filed its motion. However, Judge Bryant appropriately gave Plaintiff the chance to correct its service insufficiencies. *See Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Iowa June 13, 1995) (citing *Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)) (acknowledging the "general rule" is that "when a court finds the service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant").

In allowing Plaintiff a chance to correct the service insufficiencies, Judge Bryant also noted the possible need for an amended complaint to be filed. This issue arose after GDC claimed that it was not the correct defendant in this case and identified the entity it considered to be the proper defendant. ECF No. 19, fn. 2. Thus, Judge Bryant directed Plaintiff to file a third amended complaint by September 22, 2005. In essence, Judge Bryant was allowing Plaintiff to both cure the service deficiencies of the second amended complaint while also allowing Plaintiff an opportunity to file a third amended complaint naming the proper defendant(s). Plaintiff filed its third amended complaint by the deadline. Accordingly, a denial of GDC's motion to dismiss is

proper given that Judge Bryant allowed Plaintiff time to cure the service deficiencies and to file a third amended complaint. Essentially, Plaintiff's motion to dismiss the second amended complaint is moot because Plaintiff was given more time to perfect service and also permission to file a third amended complaint.

### IV. CONCLUSION

After a *de novo* review of Judge Bryant's order (ECF No. 21), the Court finds Judge Bryant's reasoning is sound and adopts the reasoning as its own.[2] The Court agrees with Judge Bryant that GDC's request that the Court dismiss the second amended complaint for lack of service should be denied. GDC does not object to Judge Bryant's order insofar as it granted GDC's request to set aside the clerk's entry of default, and the Court agrees with determination. Accordingly, the Court finds that the Motion to Set Aside Entry of Default and to Dismiss (ECF No. 19) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 15th day of January, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court is treating Judge Bryant's July 22, 2025 order (ECF No. 21) as if it was filed as a Report and Recommendation.